| | |
|---|---|
| JOSHUA WARREN )<br>)<br>PLAINTIFF )<br>)<br>VS. )<br>)<br>MOUNT ETNA PARTNERS, LLC )<br>d/b/a AMERICAN FIBREX )<br>SERVE AT: )<br>)<br>)<br>RONALD BLACKBURN )<br>SERVE AT: 930 3RD ST. )<br>NEW ORLEANS, LA 70130 )<br>)<br>GARRETT REINCKE )<br>SERVE AT: 10714 LAKE ALICE COVE )<br>ODESSA, FL 33556 )<br>)<br>DEFENDANTS ) | CASE NO: |

## **COMPLAINT**

COMES NOW Plaintiff Joshua Warren, and for his Complaint against Defendants Mount Etna Partners, LLC d/b/a American Fibrex, Ronald Blackburn, and Garrett Reincke, states as follows:

## **PARTIES**

1.  Plaintiff is a citizen of the United States, and State of Missouri, residing in Jasper County, Missouri.

2.  Defendant Mount Etna Partners, LLC d/b/a American Fibrex ("American Fibrex") is an Indiana limited liability company in good standing and at relevant times was engaged in the manufacturing of industrial insulation products at its plant in Jasper County, Missouri.

1

3. Defendant Garrett Reincke is a citizen of the State of Florida residing in Odessa, Florida.

4. Defendant Ronald Blackburn is a citizen of the State of Louisiana residing in New Orleans, Louisiana.

5. Defendants Reincke and Blackburn are the sole members and owners of American Fibrex.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action under 28 USC Section 1332 because the parties are citizens of different states or foreign states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. This Court has personal jurisdiction over Defendants as they transacted business and committed wrongful and/or tortious acts in Missouri.

8. Venue is proper in this district under 28 USC Section 1391 (a) and (b) because Defendants have breached duties to Plaintiff in this District and committed tortious acts in this District.

## BACKGROUND

9. On December 19, 2018, Plaintiff was an employee of Defendant working at Defendant's Jasper County facility. His duties included operating a mold press machine.

10. The press was in poor condition and would frequently jam requiring the operator clear the jam to resume production. The press required maintenance, repair and/or replacement to safely operate.

11. To clear the jam, operators were required to shove a metal crowbar into the mold to dislodge the jammed production pans.

12. The process for clearing the jam presented a risk of serious personal injury unless the machine was effectively "locked-out" and "tagged out" to disconnect electricity. If the machine remained connected to electricity, the machine could restart unexpectedly while the operator was attempting to clear the jam.

13. Plaintiff started work for Defendant in early December 2018. He did not receive any training in how to respond to the regularly occurring jams; how to safely dislodge the pans from the deflective mold machine; or how to "lock-out/tag out" the mold to ensure that all electricity had been disconnected from the machine before attempting maintenance.

14. On one of Plaintiff's first days operating the press, the machine jammed. Plaintiff turned off the machine thinking he had disconnected the electricity. Plaintiff had not been trained in a lock-out/tag out procedure and in fact electricity continued to flow to the machine.

15. As Plaintiff was attempting to clear the jam using the crowbar, the machine unexpectedly restarted causing the metal crowbar to strike Plaintiff near the right temple causing multiple fractures and serious permanent physical, cognitive and psychological injuries.

16. The U.S. Department of Labor – Occupational Safety and Health Administration ("OSHA") investigated the circumstances surrounding Plaintiff's injuries and cited American Fibrex for numerous violations of federal safety laws. These included "Serious" violations by Defendant of applicable safety regulations requiring that employers adequately train employees in lock-out/tag out procedures and that such procedures be certified annually to ensure compliance and sufficiency. American Fibrex was fined approximately $10,000 by OSHA for the violations.

17. American Fibrex owed Plaintiff a non-delegable duty regarding Plaintiff's safety while at work.

18. American Fibrex was negligent and careless in the following respects:

3

a. Failing to take steps to ensure employees including Plaintiff were adequately trained and competent to safely operate the mold press machine;

b. Failing to properly repair, maintain, and/or replace the mold press machine so that it would reliably and safely operate without jamming.

c. Failing to take steps to ensure that employees including Plaintiff were properly supervised in the performance of duties, including the safe operation of the mold press machine;

d. Failing to promulgate and enforce work rules for the safe operation of the mold press machine; and

e. Failing to warn Plaintiff of the dangers of the mold press machine.

21. As a direct result of the aforesaid negligence, Plaintiff was injured as specified above and incurred medical expenses, and will incur such expenses in the future, has lost income, and will lose income in the future, and has suffered pain, suffering, and loss of enjoyment of life, and will such damages in the future.

**WORKERS' COMPENSATION CLAIM AND DEPOSITION OF PLANT MANAGER**

19. On March 7, 2019, Plaintiff filed a workers' compensation claim against American Fibrex with the Missouri Department of Labor and Industrial Relations, Division of Workers' Compensation.

20. At all relevant times, American Fibrex had more than five employees at its facility in Jasper County, Missouri, was subject to the Missouri Workers' Compensation Act, Mo. Rev. Stat. §287.010, *et seq.*, and was required to maintain workers' compensation insurance or become an approved self-insured pursuant to Mo. Rev. Stat. §287.280.

21. Defendant violated Missouri law by failing to maintain workers' compensation insurance to cover the injuries suffered by Plaintiff, or, alternatively becoming an approved Missouri self-insured employer, and, therefore, Defendant is not protected by the exclusivity of remedies under the Missouri Workers' Compensation Act (the "Act").

4

Case 3:21-cv-05091-MDH   Document 1   Filed 11/11/21   Page 4 of 8

22. American Fibrex failed and refused to pay Plaintiff benefits under the Act.

23. On December 15, 2020, the undersigned counsel deposed the plant manager and corporate designee for American Fibrex in the workers' compensation claim. The witness testified:

(a) She told Defendants Blackburn and Reincke on multiple occasions that the Joplin plant needed workers' compensation coverage for its employees and was required by law to obtain such coverage.

(b) Defendants Blackburn and Reincke knew that American Fibrex was required to have statutorily required workers' compensation insurance and that the company was violating the law by failing to have such coverage.

(c) Ronald Blackburn and Garrett Reincke expressly directed the plant manager on multiple occasions not to obtain workers' compensation insurance because other bills were more important.

(d) Defendants Blackburn and Reincke knew that Plaintiff was entitled to benefits under the Act for his injuries.

(e) Defendants Blackburn and Reincke expressly directed the plant manager not to pay workers' compensation benefits because other expenses took priority.

(f) Defendants Blackburn and Reincke exercised complete control over all bills paid by American Fibrex, and the plant manager could pay only those bills approved by Defendants Blackburn and Reincke.

24. Failure to provide required workers' compensation is a crime in the State of Missouri with the first violation a class A misdemeanor and a second violation a class D felony.

25. By directing American Fibrex on multiple occasions to violate the law and not obtain workers' compensation insurance, Defendants committed wrongful, tortious, and criminal conduct in Missouri.

## PERSONAL INJURY JUDGMENT

26. On December 23, 2020, Plaintiff filed his Petition for Personal Injury against American Fibrex in Jasper County, Missouri Circuit Court.

27. On January 6, 2021, Defendant American Fibrex was served with a copy of the Summons and Petition.

28. Defendant American Fibrex failed to answer or otherwise respond to the Petition.

29. On February 23, 2021, American Fibrex filed for bankruptcy in the United States Bankruptcy Court for the Western District of Missouri. *In re Mount Etna Partners, LLC d/b/a American Fibrex*, No. 21-30025-btf11 (Mo. W.D. Bank. 2021).

30. On June 2, 2021, American Fibrex bankruptcy was dismissed for cause because American Fibrex still did not have insurance for its operations, including workers' compensation insurance in violation of the Missouri Workers' Compensation Act.

31. American Fibrex subsequently closed the Jasper County Plant and ceased operations without paying Plaintiff workers' compensation benefits, or the OSHA fine in connection with Plaintiff's injuries.

32. On August 30, 2021, Judgment was entered in Jasper County Circuit Court against American Fibrex and in favor of Plaintiff on his personal injury claims in the amount of $2,937,048 (the "Judgment").

33. Demand has been made on American Fibrex to pay the Judgment.

34. American Fibrex has failed and refused to pay the Judgment.

# COUNT I
# PIERCING CORPORATE VEIL

35. Defendants Blackburn and Reincke exercise complete domination and control over American Fibrex such that the entity had no separate mind, will or existence of its own. The domination and control is so pervasive and complete that Defendants Blackburn and Reincke directed and compelled American Fibrex to knowingly commit criminal acts in Missouri.

36. Defendants Blackburn and Reincke used such domination and control to commit a wrong and to perpetrate the violation of statutory or other positive legal duty in contravention of Plaintiff's legal rights.

37. Defendants Blackburn and Reincke knowingly and intentionally undercapitalized American Fibrex leaving it unable to pay its statutorily required workers' compensation coverage and/or liabilities.

38. Defendants Blackburn and Reincke intentionally abused the corporate form to profit excessively and shield themselves from loss while disregarding the possibility of harm to third parties, such as Plaintiff.

39. The aforementioned domination, control and breach proximately caused injury and unjust loss to Plaintiff as alleged herein.

40. American Fibrex is the alter ego or instrumentality of Defendants Blackburn and Reincke, who are therefore liable for its debts.

41. Defendants Blackburn and Reincke used the corporate cloak of American Fibrex as a subterfuge to defeat public convenience, justify a wrong and/or to perpetrate a fraud by virtue of the above referenced conduct.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment piercing the corporate veil of Mount Etna Partners, LLC d/b/a American Fibrex and holding Defendants

Blackburn and Reincke personally liable for the Judgment and for such other and further relief the Court deems just and proper.

Respectfully submitted,

BUCHANAN, WILLIAMS & O'BRIEN, P.C.

By: /s/ Andrew S. Buchanan
Andrew S. Buchanan, 53824
James V. O'Brien, 31161
BUCHANAN, WILLIAMS & O'BRIEN, P.C.
1105 E. 32nd St., Suite 5
Joplin, Mo. 64804
Telephone: 417-623-8220
FAX: 417-781-9706

ATTORNEY FOR PLAINTIFF