IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| JOSHUA WARREN, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | |
| MOUNT ETNA PARTNERS, LLC, RONALD BLACKBURN and GARRETT REINCKE, | ) | CASE NO: 3:21-cv-05091-MDH |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE TO ORDER ON DEFENDANT, REINCKE REQUEST TO SET ASIDE DEFAULT JUDGMENT**

COMES NOW Plaintiff Joshua Warren, and for his response to this Court's Order of December 14, 2022 (Doc. # 20) states as follows:

The District Court in this matter entered an Order on November 3, 2022 granting the Plaintiff's Motion for Default Judgment against Defendant Reincke (Doc. # 13). A Supplement to the Motion for Default Judgment was filed on August 1, 2022 and was supported fully with evidence set forth in the Motion and in the Declaration of Andrew Buchanan. (Doc. # 12). All of that evidence and support was detailed in the Court's Order of November 3, 2022. The Default Judgment was proper, supported with evidence, and should not be set aside.

Under Rule Fed. R. Civ. P. 55 (c), the prescribed method for seeking relief from a default judgment is a motion under Rule 60(b), though the Court can consider the issue directly under Rule 55(c). Defendant Reincke did not file a Rule 60(b) motion or seek relief under Rule 55(c). Rather, Defendant Reincke filed a Notice of Appeal in the District Court, without identifying any aspect of the Default Judgment which he believes is defective or unsupported. Defendant Reincke was served with the Complaint on January 11, 2022 (Doc. # 5). No explanation has been offered as to why Defendant Reincke did nothing about the case and let 11 months go by without response. There is no showing of excusable neglect that would justify this failure. This failure has been the basis for the denial of a motion to set aside a default. See Admiral Home

Appliances, a Div. of Magic Chef, Inc. v. Tenavision,, Inc., 585 F.Supp. 14 (D. N.J. 1982). Since there has been no showing of good cause, the Order granting the default judgment should not be set aside. Nor has there been any other attempt to demonstrate good cause under the Rules. Indeed, the facts, which involve the Defendant ignoring the summons for an extended period of time and then appealing without any explanation for his failure to respond to the suit, suggest that good cause will not be demonstrated.

Defendant Reincke has requested additional time in which to respond to this Court's Order of December 14, 2022. (Doc. # 21, 22). Plaintiff respectfully requests that if and when Defendant Reinke files or otherwise submits some argument regarding good cause to set aside the Default Judgment, that Plaintiff be granted a reasonable amount of time to submit a response. Until that occurs, and without any showing of any kind of good cause, the default judgment should not be set aside and this Court's Order of November 3, 2022 should stand.

Respectfully submitted,

**BUCHANAN WILLIAMS & O'BRIEN, P.C.**

　// s // Andrew S. Buchanan
Andrew S. Buchanan, MO Bar #53824
James V. O'Brien, MO Bar #31161
1105 E 32nd St., Ste 5
Joplin, Missouri 64804
Telephone: 417-623-8220
Facsimile: 417-781-9706
E-Mail: abuchanan@bwoattorneys.com
　　　　　jobrien@bwoattorneys.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been furnished by ECF Filing to all parties of record this 17th day of January 2023.

By: /s/ Andrew S. Buchanan